IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Maritza Dominguez Braswell**

Civil Action No. 24–cv–01037–MDB

DARRELL FORTNER, and
DOES 1-5,

      Plaintiffs,

v.

UNITED STATES OF AMERICA,
ROXANNE HAFFNER, R.N., individually,
CHRISTOPHER FREEMAN, P.T., individually, and
DOES 1 through 19,

      Defendants.

---

## ORDER

---

    This matter is before the Court on the United States' Motion to Dismiss. (["Motion"], Doc. No. 74.) Plaintiff has filed a response (["Response"], Doc. No. 116) to which the United States has replied (Doc. No. 117.) After reviewing the Motion, briefing, and relevant law the Court **GRANTS** the Motion.

### SUMMARY FOR *PRO SE* PLAINTIFF

    The Court is dismissing your claims against the United States. The Federal Tort Claims Act ("FTCA") is the exclusive remedy for your claims, and it requires you to exhaust your administrative remedies before filing a federal lawsuit. Here, the United States has presented un-rebutted evidence that you failed to exhaust your administrative remedies prior to filing this

suit. Therefore, the Court does not have jurisdiction to hear the claims against the United States. This is only a summary of the Court's Order, which you can read below.

## BACKGROUND

This action arises out of a previous lawsuit in El Paso County Court (the "El Paso County case"). (Doc. No. 68 at ¶ 27.) Plaintiff initiated the El Paso County case on February 5, 2021, "[a]gainst At Home Health Care and another home care service for not providing any home care medical service." (*Id*.) Plaintiff appears to allege that Defendants[1] presented "fabricated medical records" in order to deceive the El Paso County court into believing home care services were rendered. (*Id*. at ¶¶ 30, 45.) Plaintiff specifically alleges Defendants "cop[ied] and paste[d]" Plaintiff's name "upon fabricated medical records." (*Id*. at ¶ 64.) Based on these allegations, Plaintiff brings several claims, including: (1) defamation; (2) aiding and abetting defamation; (3) fraud; (4) forgery; and (5) civil conspiracy. (*Id*. at ¶¶ 46–74.)

The United States argues the claims against it must be dismissed under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. (Doc. No. 74 at 3–4.) Specifically, The United States says Plaintiff failed to exhaust his administrative remedies before filing this suit, as required under the Federal Tort Claims Act ("FTCA"). Alternatively,

---

[1] According to Plaintiff, former Defendants to this action, Ameila Prado and Carrie Claar, are a doctor and nurse practitioner, who were involved in Plaintiff's medical care. (*Id*. at ¶ 19–20.) The Court allowed the United States to substitute itself for Ms. Prado and Claar based on the United States' representation they were acting within the scope of their Public Health Service employment under the Federally Supported Health Centers Assistance Act during the events in question. (Doc. No. 67; *see* Doc. No. 13); *Meyers v. United States*, 2025 WL 253946, at *2 (D. Colo. Jan. 21, 2025) ("Under the FSHCAA, an employee of a federally funded health clinic is deemed an employee of the Public Health Service. Once a health care provider has been deemed an employee of the Public Health Service, the FTCA shall be exclusive of any other civil action with respect to the actions or omissions that are the subject of such civil action or proceeding." (internal quotations and citations omitted)).

the United States argues Plaintiff's defamation, aiding and abetting defamation, fraud, and forgery claims are barred by the FTCA's intentional torts exception (*id.* at 4–6) and that Plaintiff has failed to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), (*id.* at 6–11).

## LEGAL STANDARD

### I.    Federal Rule of Civil Procedure 12(b)(1)

Federal Rule of Civil Procedure Rule 12(b)(1) allows a court to dismiss a complaint for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Dismissal under Rule 12(b)(1) is not a judgment on the merits of a plaintiff's case but a determination that the court lacks authority to adjudicate the matter, attacking the existence of jurisdiction rather than the complaint's allegations. *Creek Red Nation, LLC v. Jeffco Midget Football Ass'n., Inc.*, 175 F. Supp. 3d 1290, 1293 (D. Colo. 2016). A challenge to subject matter jurisdiction may take one of two forms: a facial attack or a factual attack. When reviewing a facial attack on a complaint pursuant to Rule 12(b)(1), the Court accepts the allegations of the complaint as true. *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995). When reviewing a factual attack on a complaint supported by affidavits and other documents, the Court makes its own factual findings and need not convert the motion to one brought pursuant to Rule 56. *Id*. at 1003.

### II.    *Pro Se* Plaintiff

Plaintiff is proceeding *pro se*. The Court, therefore, "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted); *see Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (holding the allegations of a pro se complaint "to less

stringent standards than formal pleadings drafted by lawyers"). However, a *pro se* litigant's

"conclusory allegations without supporting factual averments are insufficient to state a claim

upon which relief can be based." *Hall*, 935 F.2d at 1110. A court may not assume that a plaintiff

can prove facts that have not been alleged or that a defendant has violated laws in ways that a

plaintiff has not alleged. *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of*

*Carpenters*, 459 U.S. 519, 526 (1983); *see Whitney v. New Mexico*, 113 F.3d 1170, 1173–74

(10th Cir. 1997) (stating that a court may not "supply additional factual allegations to round out

a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991)

(the court may not "construct arguments or theories for the plaintiff in the absence of any

discussion of those issues"). The plaintiff's *pro se* status does not entitle him to an application

of different rules. *Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002).

## ANALYSIS

Sovereign immunity shields the United States and its agencies from suit and deprives

federal courts of jurisdiction to consider such claims. *San Juan Cty., Utah v. United States*, 754

F.3d 787, 792 (10th Cir. 2014). This is so unless "Congress unequivocally expresses its

intention to waive the government's sovereign immunity in the statutory text." *Governor of*

*Kansas v. Kempthorne*, 516 F.3d 833, 841 (10th Cir. 2008) (internal quotation marks omitted).

The FTCA "provides a limited waiver of sovereign immunity" when the "negligent or wrongful

act or omission of any employee of the Government while acting within the scope of his office

or employment" would establish liability for a private person under the laws where the conduct

occurred. *Ball v. United States*, 967 F.3d 1072, 1075 (10th Cir. 2020) (citing 28 U.S.C. §

1346(b)). And though Plaintiff does not expressly bring his claims under the FTCA, the FTCA

is his exclusive remedy because "[a]n FTCA action against the United States is the *sole remedy* for any injury to person or property caused by the negligent or wrongful acts of a federal employee acting within the scope of his or her employment." *Woodruff v. Covington,* 389 F.3d 1117, 1126 (10th Cir. 2004) (emphasis added) (citing 28 U.S.C. § 2679(b)(1)); *(see* Doc. No. 67 (denying Plaintiff's attempt to re-substitute Ms. Prado and Ms. Claar as defendants).)

However, FTCA claims may only be filed in federal court after a claimant exhausts "his or her administrative remedies by filing an administrative claim in writing with the appropriate federal agency[.]" *Acosta v. United States Gov't*, 2018 WL 10561512, at *2 (D. Colo. July 2, 2018) (citing 28 U.S.C. § 2675(a)). "Only *after* the administrative claim is denied or deemed denied ... whichever occurs first, may the claimant file his action in federal court." *Meyers v. United States*, 2025 WL 253946, at *2 (D. Colo. Jan. 21, 2025) (quoting *Machart v. Clinica Sierra Vista*, 2010 WL 2843416, at *2 (E.D. Cal. July 19, 2010)). "The purpose of the administrative exhaustion rule is to give the agency notice of the claim and time to investigate and determine whether the claim is realistic or subject to settlement prior to litigation." *Acosta*, 2018 WL 10561512, at *2 (citing *Haceesa v. United States,* 309 F.3d 722, 734 (10th Cir. 2002)). This requirement is jurisdictional and cannot be waived. *Three-M Enterprises, Inc. v. United States,* 548 F.2d 293, 294 (10th Cir. 1977). "[L]ack of knowledge of the exhaustion requirement does not excuse [a plaintiff's] failure to comply." *Meyers*, 2025 WL 253946, at *2 (quoting *McDaniel v. United States*, No. 20-cv-02101-RBJ, 2021 WL 1140259, at *2 (D. Colo. Mar. 25, 2021)).

The operative Complaint fails to allege that Plaintiff exhausted his administrative remedies prior to filing suit. (*See* Doc. No. 68.) Further, the United States argues Plaintiff did

not engage in the administrative claim process. (Doc. No. 74 at 4 (saying Plaintiff "did not present any administrative claim to the appropriate federal agency, the Department of Health and Human Services, prior to filing this action").) In support of this position, the United States attaches to its Motion the affidavit of Meredith Torres, an attorney in the General Law Division, Office of the General Counsel, Department of Health and Human Services. (Doc. No. 74-1.) In her declaration, Ms. Torres states that she "caused a search of the Claims Branch's database to be conducted and found no record of an administrative tort claim filed by Darrell Fortner, and/or an authorized representative relating to Peak Vista Community Health Centers, and/or Carrie Claar, N.P. and Dr. Amelia Prado." (*Id.* at ¶ 4.)

Plaintiff's Response does not substantively deal with the United States' exhaustion argument. (Doc. No. 116.) At most, Plaintiff says he provided proper notice under Colorado law pursuant to Colo. Rev. Stat. 24-10-109[2] prior to filing "the original complaint." (*Id.* at 3–4) This is insufficient. Plaintiff also argues that to the extent the Court intends to grant the United States' Motion, Plaintiff should be given leave to amend his Complaint. (Doc. No. 116 at 2.) However, Plaintiff does not provide any justifiable basis for an amendment. For example, he does not argue that he exhausted his remedies and simply needs time to allege as much in the

---

[2] This provision is part of the Colorado Government Immunity Act ("CGIA"). It requires an individual with a claim against a Colorado public entity to provide "written notice of the claim within one hundred eighty-two days after the date of discovery of the injury." Colo. Rev. Stat. 24-10-109. However, the CGIA does not apply to Plaintiff's FTCA claims against the United States. *See Patrick v. Bank of New York Mellon*, 2012 WL 934288, at *9 (D. Colo. Mar. 1, 2012) (noting that the CGIA's notice requirement applies to "any person bringing a tort claim against the state, a state agency, or a state employee"), *report and recommendation adopted*, 2012 WL 934228 (D. Colo. Mar. 20, 2012), *aff'd*, 502 F. App'x 744 (10th Cir. 2012). Plaintiff's purported compliance with the CGIA's notice requirement is immaterial to the exhaustion analysis.

Complaint, nor does he claim that he was prevented from exhausting his remedies. Because administrative exhaustion is a jurisdictional requirement for claims under the FTCA, and because the FTCA is Plaintiff's exclusive remedy against the United States, the Court finds Plaintiff has not met his burden of demonstrating the Court has jurisdiction. *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974) ("The party invoking the jurisdiction of the court has the duty to establish that federal jurisdiction does exist").

## CONCLUSION

For the foregoing reasons, it is

**ORDERED** that the United States' Motion to Dismiss (Doc. No. 74) is **GRANTED** and the claims against the United States are dismissed without prejudice.[3] The Clerk of Court is directed to terminate the United States as a Defendant in this action.

Additionally, the Clerk is directed to mail a copy of this Order to Plaintiff.

Darrell Fortner
205 West Harp Street
Manchester, TN 37355

Dated this 31st day of March, 2025.

**BY THE COURT:**

_____
Maritza Dominguez Braswell
United States Magistrate Judge

---

[3] *See Garman v. Campbell Cnty. Sch. Dist. No. 1*, 630 F.3d 977, 985 (10th Cir. 2010) ("Generally, a dismissal for lack of subject matter jurisdiction is without prejudice.").