IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Maritza Dominguez Braswell**

Civil Action No. 24–cv–01037–MDB

DARRELL FORTNER, and
DOES 1-5,

    Plaintiffs,

v.

ROXANNE HAFFNER, R.N., individually,
CHRISTOPHER FREEMAN, P.T., individually, and
DOES 1 through 20,

    Defendants.

## ORDER

Before the Court is Defendant Roxaane Haffner's Renewed Motion to Dismiss Pursuant to Rules 12(b)(2) and 12(b)(5) of the Federal Rules of Civil Procedure. (["Motion"], Doc. No. 137.) Plaintiff has responded to the Motion. (["Response"], Doc. No. 146). Defendant Haffner has not filed a reply, but the Court finds a reply unnecessary to resolve the Motion.

### SUMMARY FOR *PRO SE* PLAINTIFF

The Court is granting Defendant Haffner's Motion and dismissing her from this action. The Court does not have sufficient proof that Defendant Haffner was properly served by the Court's March 3, 2025 deadline, nor is there any evidence that your process server was deliberately misleading. And if your process server made an error, that—under these circumstances—would be insufficient to warrant another extension. You have already been

afforded ample time to effect service and the Court declines to grant any more extensions. This is only a high-level summary of the Court's decision. The full decision is set forth below.

## BACKGROUND

As noted by Defendant Haffner, this case has a "tortured procedural history." (Doc. No. 137.) Indeed, though the Court has afforded Plaintiff significant latitude, he has struggled to effect service. The Court declines to reproduce the entire procedural history here, but notes the following relevant history:

1. Plaintiff's initial purported service of Defendant Haffner was found to be unsuccessful and quashed. (*See* Doc. No. 122; *see also* Doc. No. 93.)

2. In light of his *pro se* status and apparent good faith effort to serve Defendant Haffner, Plaintiff was afforded an extension, to January 17, 2025. (*Id.*) Plaintiff was warned "that failure to effectively serve [Defendant Haffner] will result in [her] dismissal from this action. (*Id.* at 10.)

3. On Plaintiff's representation that he needed additional time, the Court further extended the deadline to serve Defendant Haffner to March 3, 2025. (Doc. Nos. 125; 126.)

4. On February 28, 2025, Plaintiff filed an affidavit of service purporting to demonstrate Defendant Haffner was properly served. (Doc. No. 133.)

According to the affidavit of service, Ms. Haffner was served on February 8, 2025, at 12:49 PM MST, at 7247 Van Wyhe Court, in Fountain, Colorado. (Doc. No. 133 at 3.) The purported process server avers that he "identified" Ms. Haffner but Ms. Haffner refused the court documents. (*Id.*) The process server then states he left the documents at the front door of the property. (*Id.*)

In her instant Motion, Defendant Haffner contends the new affidavit of service is "falsified and categorically inaccurate." (Doc. No. 137 at 5.) She attaches her own affidavit, the

2

affidavit of her friend, Stephani Johnson, and Ring camera footage from Ms. Johnson's house to demonstrate she was not home when the purported service took place at her home address. (Doc. Nos. 133-1; 133-2.) In her affidavit, Defendant Haffner avers she left for Ms. Johnson's house "shortly after" noon on February 8, 2025. (Doc. No. 133-1 at ¶ 11) Defendant Haffner says this is about a 25 minute drive. (*Id.* (citing Ex. A-1 (a Google Maps screenshot)).) Defendant Haffner then swears she arrived at Ms. Johnson's home around 12:30 PM, and provides screenshots and video of Ring camera footage purportedly showing her walking to Ms. Johnson's front door. (*Id.* at ¶¶ 12–14 (citing Ex. A-2, A-3, A-4).) Defendant Haffner avers she and Ms. Johnson left Ms. Johnson's home around 12:40 PM for an afternoon at a salon, and retuned to Ms. Johnson's home around 5:20 PM. (Doc. No. 133-1 at ¶¶ 16–19; *see* Doc. No. 133-1 Ex. A-3 (Ring camera footage appearing to corroborate this statement).) Defendant Haffner says she returned home at approximately 6:20 PM and did not see any documents left near the front door of her home. (Doc. No. 133-1 at ¶¶ 22–23.) Ms. Johnson's affidavit corroborates Defendant Haffner's sworn statements. (Doc. No. 133-2.)

Plaintiff's response does not refute Defendant Haffner's allegations. Instead, as is relevant to this Motion, Plaintiff asks the Court to hold a hearing at which his process server, Andrew Scott, may appear as an evidentiary witness. (Doc. No. 146 at 2–3.) Plaintiff also asks the Court to subpoena Mr. Scott. (*Id.*) In other words, and though he does not explicitly say so, Plaintiff appears to contend that either: 1) Mr. Scott will refute the contentions made in Defendant Haffner's Motion and assert that Defendant Haffner was indeed served *or* 2) the hearing will make clear that Mr. Scott lied or was mistaken in his affidavit of service and thus Plaintiff was misled into thinking service had been achieved.

## LEGAL STANDARD

The Court may dismiss a case pursuant to Rule 12(b)(5) for insufficient service of process. A "Rule 12(b)(5) motion challenges the mode of delivery or the lack of delivery of the summons and complaint." 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure 3D § 1353. "Plaintiffs must demonstrate that the procedure employed to effect service satisfied the requirements of Fed R. Civ. P. 4." *Burnam v. Weld Cnty. Sheriffs*, 2023 WL 10354396, at *11 (D. Colo. Nov. 17, 2023), *report and recommendation adopted*, 2024 WL 1051949 (D. Colo. Mar. 11, 2024). "The Court may consider affidavits and other documentary evidence in ruling on a Rule 12(b)(5) motion, and all factual disputes must be resolved in the plaintiff's favor." *Burnam v. Weld Cnty. Sheriffs*, 2024 WL 1051949, at *2 (D. Colo. Mar. 11, 2024).

## ANALYSIS

It is unclear whether Plaintiff contends the process server's affidavit is correct, or that the affidavit is incorrect or falsified. Either way, Plaintiff has not met his burden.

If Plaintiff contends the affidavit of service is correct—and that Defendant Haffner was indeed served at her home on February 8, 2025—Plaintiff's proofs are insufficient. In her Motion, Defendant Haffner puts forth substantial evidence that the affidavit of service is false. Defendant Haffner says she was not home at the time of the purported service, and she provides an alibi, camera footage, and two sworn affidavits corroborating her contention. Plaintiff, on the other hand, offers an affidavit that provides no explanation as to how Mr. Scott identified Defendant Haffner, whether he spoke to her, or whether he even knew what she looked like.

If on the other hand, Plaintiff contends his process server, Mr. Scott, misled him about serving Defendant Haffner (and relatedly, filed a false affidavit), Plaintiff's proofs are still insufficient. There is no evidence that Mr. Scott was deliberately misleading or untruthful. And while it is at least possible that Mr. Scott was mistaken in his identification of Defendant Haffner, it is well established that "inadvertence or negligence alone do not constitute 'good cause' for failure of timely service." *In re Kirkland*, 86 F.3d 172, 176 (10th Cir. 1996). Moreover, "the failure of a process server to perform does not constitute good cause," and it is ultimately the plaintiff's burden "to monitor the process server to ensure that defendant is properly served." *Slater v. Cincinnati Ins. Co.*, 165 F.R.D. 100, 101 (D. Kan. 1996); *see Cox v. Sandia Corp.*, 941 F.2d 1124, 1125 (10th Cir. 1991) ("The courts that have considered this issue have regarded as insufficient excuses such as inadvertence and reliance on a process server who fails to perform.").

Additionally, the Court sees no basis for a permissive extension of the service deadline. *See Elide Fire USA Corp. v. Auto Fire Guard, LLC*, 2022 WL 672485, at *5 (D. Colo. Mar. 7, 2022) ("Having determined that Plaintiff has not shown good cause for failing to meet the Rule 4(m) deadline, the court must next consider whether a permissive extension of time is warranted."). This case is over a year old, and Plaintiff has been granted multiple extensions of his service deadline, but has repeatedly failed to serve Defendant Haffner. (*See* Doc. Nos. 1, 122; 126.) Moreover, the Court's preliminary review of Plaintiff's claims suggests additional time to effectuate service would ultimately be a futile endeavor. *Wise v. Montez*, 2019 WL 4120273, at *2 (D. Colo. July 12, 2019) (Dismissal may ... be proper without opportunity to

cure where proper service would be futile."), *report and recommendation adopted*, 2019 WL 4087528 (D. Colo. Aug. 29, 2019).

Accordingly, the Court declines to set an evidentiary hearing and grants Defendant Haffner's Motion.

## CONCLUSION

For the foregoing reasons, Defendant Roxaane Haffner's Renewed Motion to Dismiss Pursuant to Rules 12(b)(2) and 12(b)(5) of the Federal Rules of Civil Procedure (Doc. No. 137) is **GRANTED** and Defendant Haffer is **dismissed from this action without prejudice**. It is further

**ORDERED** that Defendant Freeman shall file his answer or response to the Amended Complaint within 21 days of this Order.

The Clerk of Court is directed to mail a copy of this Order to Plaintiff:

Darrell Fortner
205 West Harp Street
Manchester, TN 37355

Dated this 22nd day of April, 2025.

BY THE COURT:

_____
Maritza Dominguez Braswell
United States Magistrate Judge