IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Maritza Dominguez Braswell**

Civil Action No. 24–cv–01037–MDB

DARRELL FORTNER, and
DOES 1-5,

    Plaintiffs,

v.

CHRISTOPHER FREEMAN, P.T., individually, and
DOES 1 through 20,

    Defendants.

## ORDER

This matter is before the Court on Defendant Christopher Freeman's Motion to Dismiss Pursuant to Rule 12(b)(6) of the Federal Rule of Civil Procedure. (["Motion"], Doc. No. 149.) Plaintiff has filed a response in opposition (["Response"], Doc. No. 153) to which Defendant Freeman has replied (Doc. No. 154). After reviewing the Motion, briefing, and relevant law the Court **GRANTS** the Motion, in part.

### SUMMARY FOR *PRO SE* PLAINTIFF

The Court is dismissing your claims because even accepting all factual allegations in your complaint as true, and drawing all inferences in your favor, the allegations are insufficient and do not support the legal claims you are making in this case. Additionally, because it has been over a year since you filed this action and you still have not identified the Doe Defendants, and because the claims against the Doe Defendants are premised on the same insufficient allegations

against Defendant Freeman, those claims are dismissed as well. Finally, Defendant Freeman has asked the Court to order you to pay the costs and fees he expended to defend against your claims. The Court will not do that at this time but cautions you against pressing meritless claims.

## BACKGROUND

This action arises out of a previous lawsuit in El Paso County Court (the "El Paso County case"). (Doc. No. 68 at ¶ 27.) Plaintiff initiated the El Paso County case on February 5, 2021, "[a]gainst At Home Health Care and another home care service for not providing any home care medical service." (*Id*.) In this case, Plaintiff appears to allege that Defendant Freeman—who is a physical therapist ostensibly involved in Plaintiff's past treatment—presented "fabricated medical records" in order to deceive the El Paso County Court into believing certain home care services were rendered. (*Id*. at ¶¶ 30, 45.) Plaintiff specifically alleges Defendant Freeman, "made false representations," and "cop[ied] and paste[d]" Plaintiff's name on to the allegedly fabricated records. (*Id*. at ¶¶ 35, 41, 64.) Plaintiff brings claims for (1) defamation; (2) aiding and abetting defamation; (3) "forgery/fraud"; and (4) civil conspiracy. (*Id*. at ¶¶ 46–74.)

Defendant Freeman has moved to dismiss all claims. (Doc. No. 149.) He also asks the Court to award him the attorney's fees and costs incurred in defending against this action. (*Id.* at 8–10.)

## LEGAL STANDARD

I.  **Federal Rule of Civil Procedure 12(b)(6)**

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the

parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (quotation marks omitted).

"A court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a Rule 12(b)(6) motion to dismiss, means that the plaintiff pleaded facts that allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The *Iqbal* evaluation requires two prongs of analysis. First, the court identifies "the allegations in the complaint that are not entitled to the assumption of truth," i.e., those allegations which are legal conclusions, bare assertions, or merely conclusory. *Id*. at 679–81. Second, the court considers the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id*. at 681. If the allegations state a plausible claim for relief, the claim survives the motion to dismiss. *Id*. at 679.

That being said, the Court need not accept conclusory allegations without supporting factual averments. *S. Disposal, Inc., v. Tex. Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S at 678. Moreover, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause

3

of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. (citation omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id*. (citation omitted).

## II.     *Pro Se* Plaintiff

Plaintiff is proceeding *pro se*. The Court, therefore, "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted); *see Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (holding the allegations of a *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers"). However, a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall*, 935 F.2d at 1110. A court may not assume that a plaintiff can prove facts that have not been alleged or that a defendant has violated laws in ways that a plaintiff has not alleged. *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983); *see Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (stating that a court may not "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues"). The plaintiff's *pro se* status does not entitle him to an application of different rules. *Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002).

## ANALYSIS

## I.     Defamation Claims

4

Colorado defines defamation as "(1) a defamatory statement concerning another; (2) published to a third party; (3) with fault amounting to at least negligence on the part of the publisher; and (4) either actionability of the statement irrespective of special damages or the existence of special damages to the plaintiff caused by publication." *Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 757 F.3d 1125, 1136 (10th Cir. 2014).

Plaintiff's allegations that Defendant submitted falsified medical records in the El Paso County case does not state a claim for defamation. Plaintiff does not allege that any of the purportedly false information in those records harmed his reputation. Rather, he claims the records were falsified to deceive the state court into believing Defendant provided care. *Cf. DeRito v. United States*, 851 F. App'x 860, 863 (10th Cir. 2021) (finding that allegations of falsified medical records could support a defamation claim where the plaintiff alleged that the records included inaccurate diagnoses that harmed his reputation). While such an allegation might theoretically support a fraud claim (which the Court addresses below), it does not satisfy the legal standard for defamation. Accordingly, Plaintiff's defamation claim is dismissed.

Because Plaintiff's defamation claim fails, Plaintiff's claim for aiding and abetting defamation is likewise dismissed. *See Jogan Health, LLC v. Scripps Media, Inc.*, 565 P.3d 1160, 1167 (Colo. Ct. App. 2025) (holding that dismissal of a defamation claim requires dismissal of any ancillary claims that "rise and fall" with it); *Fry v. Lee*, 408 P.3d 843, 855–56 (Colo. Ct. App. 2013) (collecting cases).

II.   **Fraud Claim**

To state a plausible fraud claim under Colorado law, a plaintiff must show the defendant made a false representation of a material fact, knowing that representation to be false; that the

5

person to whom the representation was made was ignorant of the falsity; that the representation was made with the intention that it be acted upon; and that the reliance resulted in damage to the plaintiff. *Brody v. Bock,* 897 P.2d 769, 775–76 (Colo.1995). Moreover, under Fed. R. Civ. P. 9(b), a plaintiff alleging fraud must "state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b).

Plaintiff merely alleges, in conclusory fashion, that Defendant Freeman and others submitted false documents to the El Paso County Court. He fails to identify the content of the alleged misrepresentations, explain why they were false, or describe how they were relied upon by the El Paso County Court. In short, Plaintiff's generalized and conclusory accusations are insufficient to meet the elements of fraud under Colorado law or the heightened pleading standard required by Rule 9(b). *See United States ex rel. Schwartz v. Coastal Healthcare Group, Inc.*, 2000 WL 1595976, at *3 (10th Cir. Oct. 26, 2000) ("At a minimum, Rule 9(b) requires that a plaintiff set forth the who, what, when, where and how of the alleged fraud." (internal quotation omitted)); *Goode v. Gaia, Inc.*, 2022 WL 596292, at *13 (D. Colo. Feb. 28, 2022) ("In order to state a claim with sufficient particularity under this heightened standard, the complaint must 'set forth the time, place and contents of the false representation[.]'" (quoting *Lawrence Nat'l Bank v. Edmonds (In re Edmonds)*, 924 F.2d 176, 180 (10th Cir. 1991))). This Claim is dismissed.[1]

---

[1] Additionally, to the extent Plaintiff attempts to assert a separate, forgery-specific claim (*see* Doc. No. 68 at 11 (labeling this claim as one for "forgery/fraud")), Plaintiff has not articulated, nor has the Court found, any authority suggesting that Colorado recognizes a civil cause of action for forgery. *See Knapp v. Acad. Dist. 20*, 2020 WL 12584130, at *4 (D. Colo. Mar. 31, 2020) ("declin[ing] to conclude that a private cause of action exists under [Colorado's criminal] forgery statute"); *Trujillo v. Ramirez*, 2008 WL 5369033 (Colo. Dist. Ct. Aug. 05, 2008) ("The court has been unable to locate any authority for a private cause of action for forgery.").

### III.  Civil Conspiracy Claim[2]

Under Colorado law, an actionable civil conspiracy claim requires: "(1) two or more persons; (2) an object to be accomplished; (3) a meeting of the minds on the object or course of action; (4) one or more unlawful overt acts; and (5) damages as the proximate result thereof." *Am. Muckrakers PAC, Inc. v. Boebert*, 2024 WL 3738932, at *23 (D. Colo. June 9, 2024) (quoting *Rosenblum v. Budd*, 538 P.3d 354, 367 (Colo. App. 2023)).

Plaintiff's civil conspiracy claim is conclusory and lacks the factual detail necessary to nudge the claim from possible to plausible. (*See, e.g.*, Doc. No. 68 at ¶¶ 54–55 (saying simply that Mr. Freeman and the previously dismissed Defendants "conspired with each other to fabricate the aforesaid false medical records" and that Mr. Osgood filed said documents in the El Paso County Case).) Accordingly, these statements amount to nothing more than a "formulaic recitation of the elements" of a conspiracy claim, which the Supreme Court in *Twombly* and *Iqbal* made clear is insufficient to state a plausible claim for relief.

### IV.  Defendant Freeman's Request for Costs and Attorney's Fees

Defendant seeks an order awarding him "any and all recoverable costs and attorneys' fees incurred in seeking dismissal of Plaintiff's claims." (Doc. No. 149 at 10.)

A *pro se* litigant's missteps often stem from a lack of experience with the litigation process. While the Court cannot excuse the failure to plead plausible claims and strongly disfavors contentious or obstructive behavior, it recognizes that such conduct frequently arises

---

[2] In his Amended Complaint, Plaintiff cites 18 U.S.C. § 241 as a possible basis for this claim. However, section 241 is a federal criminal statute and does not provide a private right of action. *See Jones v. Reg'l Transp. Dist.*, 2010 WL 3341205, at *1 (D. Colo. Aug. 23, 2010) ("18 U.S.C. § 241 does not provide [the plaintiff] with a private cause of action."). Accordingly, the Court reviews this claim solely under Colorado common law.

from unfamiliarity with the federal rules, a sincere (if mistaken) belief that one has been wronged, and the misguided view that success is best achieved by challenging every action taken by opposing counsel rather than cooperating in good faith. With this in mind, courts frequently decline to award fees and costs from unsophisticated *pro se* plaintiffs. *See Homestake Mining Co. v. Mid–Continent Exploration Co.*, 282 F.2d 787, 804 (10th Cir. 1960) (saying whether or not a prevailing party shall be awarded fees and costs is "within the court's sound discretion."); *see, e.g.*, *Serna v. City of Colorado Springs*, 2025 WL 2433190, at *3 (D. Colo. Feb. 27, 2025); *Staggs v. City of Arvada*, 2021 WL 365842, at *7 (D. Colo. Feb. 3, 2021). Here, the Court declines to award fees and costs, and notes that the request does not comply with the Local Rules requiring that it be "be supported by affidavit." D.C.COLO.LCivR 54.3.

Still, the Court pauses to note caution Plaintiff against pressing meritless claims. *See Serna*, 2025 WL 2433190 at * 3 (warning pro se plaintiffs that the Court's leniency in the first instance should not be misinterpreted as a green light to engage in frivolous litigation).

## CONCLUSION

For the foregoing reasons, Defendant Christopher Freeman's Motion to Dismiss Pursuant to Rule 12(b)(6) of the Federal Rule of Civil Procedure (Doc. No. 149) is **GRANTED** and all claims are dismissed without prejudice,[3] and the Clerk of Court is directed to **CLOSE** this case.

---

[3] The Court acknowledges the remaining unidentified Doe Defendants. However, given that the claims against these individuals are predicated on the same allegations as the identified Defendants, and given that Plaintiff has not attempted to identify these individuals during the year and a half this case has been open, the Court finds that keeping this case open would be futile. *See Hall v. Bellmon*, 935 F.2d 1106, 1109–10 (10th Cir. 1991) ("Although dismissals under Rule 12(b)(6) typically follow a motion to dismiss ... a court may dismiss *sua sponte* when it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." (internal quotation marks omitted)); *see,*

The Clerk of Court is directed to mail a copy of this Order to Plaintiff:

Darrell Fortner
205 West Harp Street
Manchester, TN 37355

Dated this 19th day of November, 2025.

**BY THE COURT:**

_____
Maritza Dominguez Braswell
United States Magistrate Judge

---

*e.g.*, *Goodwin v. Hatch*, 2018 WL 3454972, at *11 (D. Colo. July 18, 2018), *aff'd*, 781 F. App'x 754 (10th Cir. 2019); *Horton v. Reeves*, 2012 WL 1079150, *3 (D. Colo. March 30, 2012).